1  PAMELA Y. PRICE, CA Bar No. 107713
   PRICE AND ASSOCIATES
2  901 Clay Street
3  Oakland, CA 94612
   Telephone: (510) 452-0292; Fax: (510) 452-5625
4  pamela.price@pypesq.com
   Attorneys for Plaintiff EDWARD MAYES
5
6  SETH L. NEULIGHT, CA Bar No. 184440
   NIXON PEABODY LLP
7  One Embarcadero Center, 18th Floor
   San Francisco, California 94111-3600
8  T: (415) 984-8200/F: (415) 984-8300
   sneulight@nixonpeabody.com
9
10 MICHAEL LINDSAY, CA Bar No. 110845
   NIXON PEABODY LLP
11 Gas Company Tower
   555 W. 5th Street, 46th Floor
12 Los Angeles, California 90013
   Telephone: (213) 629-6100; Fax: (213) 629-6001
13 mlindsay@nixonpeabody.com
14
   Attorneys for Defendants
15 KAISER FOUNDATION HOSPITALS,
   WANETTA MCGRIFF, JANITRESS NATHANIEL,
16 and SHERIE AMBROSE

17                     UNITED STATES DISTRICT COURT

18                     EASTERN DISTRICT OF CALIFORNIA

19

20 EDWARD MAYES,                              | Case No. 2:12-CV-01726-KJM-EFB

21                          Plaintiff,         | **STIPULATED PROTECTIVE ORDER**
          vs.
22
23 KAISER FOUNDATION HOSPITALS,
   WANETTA MCGRIFF, JANITRESS
24 NATHANIEL, SHERIE AMBROSE, and DOES
   1-10,
25
                            Defendants.
26

27

28

STIPULATED PROTECTIVE ORDER
(Case No. 2:12-cv-01726-KJM-EFB)

1    Pursuant to Local Rule 141.1, the parties to the above-captioned action, plaintiff Edward

2  Mayes ("Plaintiff") and defendants Kaiser Foundation Hospitals, Wanetta McGriff, Janitress

3  Nathaniel, and Sherie Ambrose  (collectively "Defendants")(together, "the parties"), hereby stipulate

4  to entry by the Court of a Protective Order as follows:

5  **I.     PURPOSES AND LIMITATIONS**

6    Disclosure and discovery activity in this action are likely to involve production of

7  confidential, proprietary, or private information, including without limitation, third-party medical

8  records, for which special protection from public disclosure and from use for any purpose other than

9  prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition

10  the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order

11  does not confer blanket protections on all disclosures or responses to discovery and that the

12  protection it affords from public disclosure and use extends only to the limited information or items

13  that are entitled to confidential treatment under the applicable legal principles and the Local Rules

14  and Standing Order of this Court.

15  **II.    DEFINITIONS**

16    2.1    Challenging Party:  a Party or Non-Party that challenges the designation of

17  information or items under this Order.

18    2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is

19  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

20  Civil Procedure 26(c), including but not limited to, any documents or testimony, discovery responses,

21  notes, and all information contained in any of the foregoing, which contain Protected Health

22  Information (or "PHI") as defined in Section 2.14 below, or which are protected by the California

23  Confidentiality of Medical Information Act, Civil Code § 56 *et seq*.

24    2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well

25  as their support staff).

26    2.4    Designating Party:  a Party or Non-Party that designates information or items that it

27  produces in disclosures or in responses to discovery as "CONFIDENTIAL."

28
-1-
STIPULATED PROTECTIVE ORDER
(Case No. 2:12-cv-01726-KJM-EFB)

1          2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium

2     or manner in which it is generated, stored, or maintained (including, among other things, testimony,

3     transcripts, and tangible things), that are produced or generated in disclosures or responses to

4     discovery in this matter.

5          2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the

6     litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

7     consultant in this action.

8          2.7     House Counsel:  attorneys who are employees of a party to this action. House Counsel

9     does not include Outside Counsel of Record or any other outside counsel.

10         2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal

11    entity not named as a Party to this action.

12         2.9     Outside Counsel of Record:  attorneys who are not employees of a party to this action

13    but are retained to represent or advise a party to this action and have appeared in this action on behalf

14    of that party or are affiliated with a law firm which has appeared on behalf of that party.

15         2.10    Party:  any party to this action, including all of its officers, directors, employees,

16    consultants, retained experts, and Outside Counsel of Record (and their support staffs).

17         2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material

18    in this action.

19         2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g.,

20    photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing,

21    or retrieving data in any form or medium) and their employees and subcontractors.

22         2.13    Protected Material:  any Disclosure or Discovery Material that is designated as

23    "CONFIDENTIAL."

24         2.14    Protected Health Information ("PHI"): this term shall have the same scope and

25    definition as set forth in the regulations issued by the United States Department of Health and Human

26    Services pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42

27    U.S.C. § 1301, *et seq.,* and shall include, without limitation, all patient identifying information and

28    patient medical information.

-2-

STIPULATED PROTECTIVE ORDER
(Case No. 2:12-cv-01726-KJM-EFB)

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

III.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

IV.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

V.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items,

-3-

STIPULATED PROTECTIVE ORDER
(Case No. 2:12-cv-01726-KJM-EFB)

1     or communications for which protection is not warranted are not swept unjustifiably within the ambit

2     of this Order.

3          Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown

4     to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

5     encumber or retard the case development process or to impose unnecessary expenses and burdens on

6     other parties) expose the Designating Party to sanctions.

7          If it comes to a Designating Party's attention that information or items that it designated for

8     protection do not qualify for protection, that Designating Party must promptly notify all other Parties

9     that it is withdrawing the mistaken designation.

10         5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see,

11    e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or

12    Discovery Material that qualifies for protection under this Order must be clearly so designated before

13    the material is disclosed or produced.

14         Designation in conformity with this Order requires:

15         (a)  for information in documentary form (e.g., paper or electronic documents, but excluding

16    transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the

17    legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or

18    portions of the material on a page qualifies for protection, the Producing Party also must clearly

19    identify the protected portion(s) (e.g., by making appropriate markings in the margins).

20         A Party or Non-Party that makes original documents or materials available for inspection

21    need not designate them for protection until after the inspecting Party has indicated which material it

22    would like copied and produced. During the inspection and before the designation, all of the material

23    made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

24    identified the documents it wants copied and produced, the Producing Party must determine which

25    documents, or portions thereof, qualify for protection under this Order. Then, before producing the

26    specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page

27    that contains Protected Material. If only a portion or portions of the material on a page qualifies for

28

-4-

STIPULATED PROTECTIVE ORDER
(Case No. 2:12-cv-01726-KJM-EFB)

1   protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

2   appropriate markings in the margins).

3        (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

4   Designating Party identify on the record, before the close of the deposition, hearing, or other

5   proceeding, all protected testimony.  When it is impractical to identify separately each portion of

6   testimony that is entitled to protection, and when it appears that substantial portions of the testimony

7   may qualify for protection, any Party may invoke on the record (before the deposition or proceeding

8   is concluded) a right to have up to 20 days after receipt of the certified transcript to identify the

9   specific portions of the testimony as to which protection is sought.  Only those portions of the

10  testimony that are appropriately designated for protection within the 20 days shall be covered by the

11  provisions of this Order.  Transcript pages containing Protected Material must be separately bound by

12  the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as

13  instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

14       (c)  for information produced in some form other than documentary and for any other tangible

15  items, that the Producing Party affix in a prominent place on the exterior of the container or

16  containers in which the information or item is stored the legend "CONFIDENTIAL." If only a

17  portion or portions of the information or item warrant protection, the Producing Party, to the extent

18  practicable, shall identify the protected portion(s).

19       5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

20  designate qualified information or items does not, standing alone, waive the Designating Party's right

21  to secure protection under this Order for such material. Upon timely correction of a designation, the

22  Receiving Party must make reasonable efforts to assure that the material is treated in accordance with

23  the provisions of this Order.  Moreover, any document containing PHI shall be treated as Protected

24  Material, regardless of whether a CONFIDENTIAL designation is included in or on the document.

25  **VI.**    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

26       6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of

27  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

28  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

-5-

STIPULATED PROTECTIVE ORDER
(Case No. 2:12-cv-01726-KJM-EFB)

1   or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

2   confidentiality designation by electing not to mount a challenge promptly after the original

3   designation is disclosed.

4        6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process

5   by providing written notice of each designation it is challenging and describing the basis for each

6   challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

7   recite that the challenge to confidentiality is being made in accordance with this specific paragraph of

8   the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin

9   the process by conferring directly within 14 days of the date of service of notice. In conferring, the

10   Challenging Party must explain the basis for its belief that the confidentiality designation was not

11   proper and must give the Designating Party an opportunity to review the designated material, to

12   reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the

13   chosen designation. A Challenging Party may proceed to the next stage of the challenge process only

14   if it has engaged in this meet and confer process first or establishes that the Designating Party is

15   unwilling to participate in the meet and confer process in a timely manner.

16        6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court

17   intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21

18   days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and

19   confer process will not resolve their dispute, whichever is earlier. Each such motion must be

20   accompanied by a competent declaration affirming that the movant has complied with the meet and

21   confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make

22   such a motion including the required declaration within 21 days (or 14 days, if applicable) shall

23   automatically waive the confidentiality designation for each challenged designation (except as to any

24   document containing PHI).  In addition, the Challenging Party may file a motion challenging a

25   confidentiality designation at any time if there is good cause for doing so, including a challenge to the

26   designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this

27   provision must be accompanied by a competent declaration affirming that the movant has complied

28   with the meet and confer requirements imposed by the preceding paragraph.

-6-

STIPULATED PROTECTIVE ORDER
(Case No. 2:12-cv-01726-KJM-EFB)

1    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

2    Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary

3    expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the

4    Designating Party has waived the confidentiality designation by failing to file a motion to retain

5    confidentiality as described above, all parties shall continue to afford the material in question the

6    level of protection to which it is entitled under the Producing Party's designation until the court rules

7    on the challenge.

8    **VII.    ACCESS TO AND USE OF PROTECTED MATERIAL**

9    7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

10   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

11   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the

12   categories of persons and under the conditions described in this Order. When the litigation has been

13   terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

14   DISPOSITION).

15   Protected Material must be stored and maintained by a Receiving Party at a location and in a

16   secure manner that ensures that access is limited to the persons authorized under this Order.

17   7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

18   the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

19   information or item designated "CONFIDENTIAL" only to:

20   (a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of

21   said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

22   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

23   attached hereto as Exhibit A;

24   (b)  the officers, directors, and employees (including House Counsel) of the Receiving Party

25   to whom disclosure is reasonably necessary for this litigation and who have signed the

26   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27

28

-7-

STIPULATED PROTECTIVE ORDER
(Case No. 2:12-cv-01726-KJM-EFB)

1    (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably

2    necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be

3    Bound" (Exhibit A);

4    (d)  the court and its personnel;

5    (e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and

6    Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

7    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8    (f)  during their depositions, witnesses in the action to whom disclosure is reasonably

9    necessary, provided there is a reasonable basis to believe that disclosure of the Protected Material to

10   the witness will lead to relevant testimony or the discovery of admissible evidence and only to the

11   extent that the witness signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

12   unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed

13   deposition testimony or exhibits to depositions that reveal Protected Material must be separately

14   bound by the court reporter and may not be disclosed to anyone except as permitted under this

15   Stipulated Protective Order.

16   (g)  the author or recipient of a document containing the information or a custodian or other

17   person who otherwise possessed or knew the information.

18   7.3     Efforts to Maintain Confidentiality: Counsel for the parties and all persons receiving

19   information designated CONFIDENTIAL shall take reasonable measures to safeguard and maintain

20   the confidentiality of such Protected Material.  Such measures shall include, without limitation,

21   redacting from materials produced in this litigation: patient identifying information from PHI, and

22   other personal identifying information of Kaiser Foundation Health Plan members, when the

23   disclosure of such information is not relevant to the subject matter of this litigation or necessary for

24   the parties to achieve their objectives in this litigation. Counsel for the parties shall take all necessary

25   and reasonable steps to ensure that their vendors maintain the confidentiality of all Protected

26   Material.

27

28

-8-

STIPULATED PROTECTIVE ORDER
(Case No. 2:12-cv-01726-KJM-EFB)

**VIII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.  Nothing in these provisions should be construed as requiring counsel for a Receiving Party to assist an adverse party in resisting the disclosure of the Protected Material in any way.

**IX.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

-9-

STIPULATED PROTECTIVE ORDER
(Case No. 2:12-cv-01726-KJM-EFB)

1       (b)     In the event that a Party is required, by a valid discovery request, to produce a Non-

2   Party's confidential information in its possession, and the Party is subject to an agreement with the

3   Non-Party not to produce the Non-Party's confidential information, then the Party shall:

4                   (1)     promptly notify in writing the Requesting Party and the Non-Party that

5   some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

6                   (2)     promptly provide the Non-Party with a copy of the Stipulated

7   Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

8   description of the information requested; and

9                   (3)     make the information requested available for inspection by the Non-

10  Party.

11      (c)     If the Non-Party fails to object or seek a protective order from this court within 14

12  days of receiving the notice and accompanying information, the Receiving Party may produce the

13  Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

14  seeks a protective order, the Receiving Party shall not produce any information in its possession or

15  control that is subject to the confidentiality agreement with the Non-Party before a determination by

16  the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

17  seeking protection in this court of its Protected Material.

18  **X.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

19      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

20  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

21  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

22  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

23  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

24  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be

25  Bound" that is attached hereto as Exhibit A.

26  _____

27  [1] The purpose of this provision is to alert the interested parties to the existence of confidentiality
        rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality
28      interests in this court.

-10-

STIPULATED PROTECTIVE ORDER
(Case No. 2:12-cv-01726-KJM-EFB)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## XI.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## XII.   MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.

## XIII.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to

-11-

STIPULATED PROTECTIVE ORDER
(Case No. 2:12-cv-01726-KJM-EFB)

1   the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day

2   deadline that (1) identifies (by category, where appropriate) all the Protected Material that was

3   returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts,

4   compilations, summaries or any other format reproducing or capturing any of the Protected Material.

5   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

6   motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

7   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

8   product, even if such materials contain Protected Material. Any such archival copies that contain or

9   constitute Protected Material remain subject to this Protective Order as set forth in Section 4

10  (DURATION).

11          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

12  Dated: October 8, 2013                    PRICE AND ASSOCIATES

13

14                                            By:__/s/Pamela Y. Price_____
                                                 Pamela Y. Price
15
                                                 Attorneys for Plaintiff
16                                               EDWARD MAYES

17
    Dated: October 8, 2013                    NIXON PEABODY LLP
18

19
                                              By:__/s/Seth L. Neulight_____
20                                               Seth L. Neulight

21                                               Attorneys for Defendants
                                                 KAISER FOUNDATION HOSPITALS, WANETTA
22                                               McGRIFF, JANITRESS NATHANIEL, and SHERIE
                                                 AMBROSE
23

24

25

26

27

28
                                              -12-
    STIPULATED PROTECTIVE ORDER
    (Case No. 2:12-cv-01726-KJM-EFB)

1

**ORDER**

2

3    PURSUANT TO STIPULATION, IT IS SO ORDERED.

4

     DATED:  October 16, 2013

5

6                                                    _____
                                                     UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        -13-

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of *Edward Mayes v. Kaiser Foundation Hospitals, et al.,* Case No. 2:12-CV-01726-KJM-EFB.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
              [printed name]

Signature: _____
              [signature]

-14-

STIPULATED PROTECTIVE ORDER
(Case No. 2:12-cv-01726-KJM-EFB)