UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MAYES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KAISER FOUNDATION HOSPITAL, et al.,<br><br>　　　　Defendants. | Civ. No.  S-12-1726 KJM EFB<br><br><br><br>ORDER |

　　　　On January 23, 2014, the court heard argument on plaintiff's motion to modify the scheduling order.   John Stoller appeared for plaintiff Mayes; Seth Neulight appeared for defendants Kaiser Foundation Hospitals, Wanetta McGriff, Janitress Nathaniel, and Sherie Ambrose ("defendants").  After considering the parties' arguments, the court DENIES the motion.

I.  BACKGROUND

　　　　This case was removed from Solano County Superior Court on June 28, 2012.  ECF No. 1.

　　　　On August 7, 2012, plaintiff filed a First Amended Complaint and, on the parties' stipulation, filed a Second Amended Complaint on September 12, 2012.  ECF Nos. 7, 12.

　　　　On October 19, 2012, defendants filed a motion to dismiss the Second Amended Complaint.  ECF No. 16.  The court granted the motion in part on January 9, 2013.

1

Plaintiff filed a Third Amended Complaint on January 29, 2013.  ECF No. 24.  Defendants answered on February 15, 2013.  ECF Nos. 25-28.

On June 11, 2013, the court issued a pretrial scheduling order setting a discovery cut-off date of November 18, 2013; a dispositive motion cut-off date of March 14, 2014; and trial for July 7, 2014, among other things.  ECF No. 34.

On December 9, 2013, plaintiff filed this motion to modify the scheduling order, seeking to extend the discovery cut-off to March 2014 along with corresponding dates for the other deadlines set in the pretrial order.  ECF No. 53.  Defendants have opposed the motion, ECF No. 57, and plaintiff has filed a reply, ECF No. 59.  The parties accuse each other of delaying and impeding the discovery process.

II. ANALYSIS

Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent."  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting FED. R. CIV. P. 16 advisory committee's notes (1983 amendment)).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. [citation omitted] If the party was not diligent, the inquiry should end." *Id*.

Plaintiff contends he has pursued discovery diligently by propounding significant written discovery and conducting eight depositions.  ECF No. 53 at 2.

John Stoller, plaintiff's counsel at hearing, avers he gave defendants several extensions of time in which to comply with requests for production of documents, yet the documents produced were deficient in several respects.  Declaration of John Stoller, ECF No. 56 at ¶¶ 8, 12.  He alleges his expert, Mary Ransbury, needs various patient records in order to assess the nursing practices of others in plaintiff's unit.   Declaration of Mary Ransbury, ECF No. 55.

Defendants argue plaintiff has not been diligent in conducting discovery. Specifically they argue plaintiff waited until December 2012, six months after the case was removed to this court, to serve his first written discovery request and then propounded no further written discovery until August 2013. ECF No. 57 at 3. Defendants also note plaintiff did not conduct any depositions until October 2013, scrambling to fit them all in before the cut-off. *Id*. at 4; *see also* Declaration of Seth Neulight, ECF No. 58 ¶¶ 2, 5, 8. At hearing defendants noted they have provided many pages of patient records and plaintiff has in fact served his expert's detailed report.

At the hearing, plaintiff's counsel was unable to explain the lengthy gap in discovery, or the decision not to file timely motions to compel to preserve plaintiff's rights to discovery. Moreover, he recited an extensive list of discovery he still wishes to pursue, rather than the few things the motion suggested he still needed.

As noted, when a party seeks to modify the court's scheduling order, the court must first examine that party's diligence and "[i]f the party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. A party cannot satisfy the diligence requirement, after eight months of inactivity, by jamming all his requests into the two to three months before the discovery deadline. As plaintiff has not been diligent, his motion to modify the scheduling order is DENIED.

IT IS SO ORDERED.

DATED: February 3, 2014.

_____
UNITED STATES DISTRICT JUDGE

3